UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADONIS GAYNOR,<br><br>        Plaintiff,<br><br>    v.<br><br>J. CLARK KELSO, et al.,<br><br>        Defendants.<br>_____/ | CASE NO.   1:10-cv-00708-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

On April 22, 2010, Plaintiff Adonis Gaynor, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 5.) Plaintiff's Complaint is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

1

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III.   SUMMARY OF COMPLAINT

The Complaint identifies Warden Ken Clark and Federal Receiver J. Clark Kelso as Defendants in this action and alleges the following:

Plaintiff is infected with the "Herpes Simplex Virus - 2" and was being treated with a CDC approved medication called "gabapentin." (Compl. at 19, 20.)  Taking "gabapentin" caused the following side effects: "unusual body movement, difficulty breathing, and other severe symptoms." (Id. at 20.)  Through independent research Plaintiff discovered a drug that he believed to be a more effective medication with fewer side effects. (Id.)  Plaintiff's request for the superior drug was denied. (Id. at 21.)  Plaintiff continued to experience

various side effects and on April 3, 2010, he had an epileptic seizure.[1]  (Id. at 21.)

## IV.  ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

Plaintiff alleges that being denied a safer, more effective drug, amounts to inadequate medical care in violation of his Eighth Amendment rights.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

---

[1] The factual allegations in the Complaint begin on page three and resume on page nineteen. The intervening fifteen pages appear to be annotated prison documents.  Plaintiff may not rely exclusively on exhibits as the source of allegations essential to his case.  Plaintiff may not attach a large number of exhibits and expect the Court to read through them to extract the factual information necessary to construct a cognizable claim on Plaintiff's behalf.  The burden of presenting the facts of his case in a "short and plain" manner must be carried by Plaintiff.  Plaintiff's amended complaint, if one is filed, must specifically allege the necessary facts instead of relying on exhibits to present those facts.

3

inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for a violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974

4

F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).

Here, Plaintiff is attempting to impose liability on Receiver Kelso and Warden Clark, both of whom hold high-level positions of supervisory, managerial, or executive authority. However, the Complaint does not allege that they had any actual involvement in denying Plaintiff's requested medication. Plaintiff may not hold them liable for the violation of his rights based on their positions of authority, as section 1983 does not permit the imposition of liability based on respondeat superior. Iqbal, 129 S.Ct. at 1949-50. Plaintiff must specifically allege the linkage between each named defendant and the actions or omissions that violated his rights. Id. Conclusory allegations of involvement or knowledge will not suffice. Id.

Further, Plaintiff's Eighth Amendment claim rests upon his disagreement with the choice of medication prescribed by medical personnel. Through his own research Plaintiff has discovered a drug that he believes would be better suited to treat his infection.

5

(Compl. at 20.) However, such disagreement, alone, is insufficient to state a cognizable Eighth Amendment claim. Franklin, 662 F.2d at 1344; Sanchez, 891 F.2d at 242. While Plaintiff does allege that his medication causes side effects, he does not allege, as he must, that its prescription for a Herpes infection is medically unacceptable under the circumstances and reflects a conscious disregard of an excessive risk to Plaintiff's health. As such, Plaintiff fails to state a cognizable claim for inadequate medical care in violation of the Eighth Amendment.

The Court will grant Plaintiff leave to amend. In order to state a cognizable Eighth Amendment claim, Plaintiff must first allege a connection between each named defendant and the actions or omissions that violated his rights; and secondly, include truthful allegations that support the conclusion that the prescription he was provided with was medically unacceptable under the circumstances and chosen in conscious disregard of an excessive risk to Plaintiff's health.

## V.     CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it

is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed April 22, 2010;

2.      Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.      Plaintiff shall file an amended complaint within thirty (30) days; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this

/////

/////

action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   January 30, 2012           /s/ *Michael J. Seng*
ci4d6                        UNITED STATES MAGISTRATE JUDGE