1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17
18

| | |
|---|---|
| ADONIS GAYNOR, | 1:10-cv-0708-MJS (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 AND FOR FAILURE TO OBEY A COURT ORDER |
| v. | |
| J. CLARK KELSO, et al., | (ECF No. 7) |
| Defendant. | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

_____/

Plaintiff Adonis Gaynor ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights actions pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.)

On January 31, 2012, the Court issued an Order dismissing Plaintiff's Complaint for failure to state a claim. (ECF No. 7.) Plaintiff was given leave to file an amended complaint on or before March 2, 2012. (Id.) March 2, 2012, passed without Plaintiff complying with or otherwise responding to the Court's Order.

In addition, the Court's Order, issued on January 31, 2012, was returned by the U.S. Postal Service as undeliverable to Plaintiff. Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current

1    address at all times.  Local Rule 183(b) provides, in pertinent part:

2         If mail directed to a plaintiff in propria persona by the Clerk is
         returned by the U.S. Postal Service, and if such plaintiff fails
3         to notify the Court and opposing parties within sixty-three (63)
         days thereafter of a current address, the Court may dismiss
4         the action without prejudice for failure to prosecute.

5    In the instant case, over 63 days have passed since Plaintiff's mail was returned, and he

6    has not notified the Court of a current address.

7         Local Rule 110 provides that "failure of counsel or of a party to comply with these

8    Rules or with any order of the Court may be grounds for imposition by the Court of any

9    and all sanctions . . . within the inherent power of the Court."  District courts have the

10   inherent power to control their dockets and "in the exercise of that power, they may

11   impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v.

12   Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with

13   prejudice, based on a party's failure to prosecute an action, failure to obey a court order,

14   or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th

15   Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d

16   1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

17   amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

18   (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court

19   apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)

20   (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421,

21   1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local

22   rules).

23        In determining whether to dismiss an action for lack of prosecution, failure to obey

24   a court order, or failure to comply with local rules, the Court must consider several factors:

25   (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

26   manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

27

28                                          -2-

1   disposition of cases on their merits; and (5) the availability of less drastic alternatives.

2   Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;

3   Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

4          In the instant case, the Court finds that the public's interest in expeditiously

5   resolving this litigation and the Court's interest in managing its docket weigh in favor of

6   dismissal.   The third factor, risk of prejudice to defendants, also weighs in favor of

7   dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

8   in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The

9   fourth factor -- public policy favoring disposition of cases on their merits -- is greatly

10  outweighed by the factors in favor of dismissal discussed herein.   Finally, a court's

11  warning to a party that his failure to obey the court's order will result in dismissal satisfies

12  the "consideration of alternatives" requirement.   Ferdik v. Bonzelet, 963 F.2d at 1262;

13  Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's Order expressly

14  stated: "If Plaintiff fails to file an amended complaint in compliance with this order, this

15  action will be dismissed, with prejudice, for failure to state a claim and failure to comply

16  with a court order."  (ECF No. 7.)  Thus, Plaintiff had adequate warning that dismissal

17  would result from his noncompliance with the Court's Order.

18         Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action

19  is HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon

20  which relief may be granted under section 1983 and failure to obey the Court's January

21  31, 2012 Order (ECF No. 7).  This dismissal is subject to the "three-strikes" provision set

22  forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, No. 08-15620, 2011 WL 4436248, at *4 (9th

23  Cir. Sept. 26, 2011).

24

25  IT IS SO ORDERED.

26  Dated:   May 10, 2012                        /s/ Michael J. Seng
                                                UNITED STATES MAGISTRATE JUDGE

27

28                                -3-